■ In the Matter of the Final Accounting of CHASE MANHATTAN BANK, as Successor Trustee. LINCOLN CENTER FOR THE PERFORMING ARTS, INC., et al., Appellants; LEON LEIGHTON, as Guardian ad Litem, et al., Respondents.— Motion, insofar as it seeks to resettle the order dated December 12, 1961 on appeal numbered 4141 and to vacate said order, denied on the stipulation that the Attorney-General may amend his answer to the same extent that the other parties are given permission to amend. In this way all respondents may replead the matter stricken in the sixth paragraph of the answers. On appeal numbered 4142 the counterorders differ from that submitted by appellant Lincoln Center, in that they omit mention of Mrs. Hubbard's motives in connection with the Harold McCormick Trust. This trust is not directly involved and whether proof is admissible in connection with such motives as throwing light on her motives in connection with the trust involved is a matter for determination by the Referee. The same may be said as to what extent proof of "acts" may be admissible to show motive or intent. Concur — Breitel, J. P., McNally, Stevens, Eager and Steuer, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK v. LOUIS SHOMBERG (Indicted as Henry Goldberg).— Enlargement of time granted. Concur — Breitel, J. P., McNally, Stevens, Steuer and Bergan, JJ.

■ 2583 8TH AVE. CORP. v. VICTORIA ALLEN et al.— Motion for a stay denied. The stay contained in the order to show cause, dated February 21, 1962, is vacated. Concur — Breitel, J. P., McNally, Stevens, Steuer and Bergan, JJ.

## SECOND DEPARTMENT, FEBRUARY, 1962

### (February 5, 1962)

■ In the Matter of WALTER SIBEN, an Attorney, Respondent. JOHN P. COHALAN, JR., as District Attorney of Suffolk County, Petitioner.— On the court's own motion the enforcement of its decision rendered January 22, 1962, and of the order entered thereon, suspending respondent from the practice of the law for a period of six months, is hereby stayed until April 6, 1962, for the purpose and to the extent of permitting respondent to dispose (without court proceedings or appearances) of all pending actions, claims and matters in which he is attorney or counsel. In the interim, however, respondent shall not engage in any new action, claim or matter or appear in any court as an attorney or counsel except for the purpose of filing papers and examining records in the office of the Clerk. Beldock, P. J., Ughetta, Rabin and Hopkins, JJ., concur; Hill, J., not voting.

■ MATHILDE FRUHWALD et al., Respondents, v. DEVERE TRUCKING CORP. et al., Defendants, and T. FERRARA, Doing Business as FERRARA DRESS TRUCKING, Appellant.— Motion by appellant for a further extension of time to perfect his appeal and to continue the stay heretofore granted by order of this court dated January 4, 1962 granted on condition that appellant perfect the appeal and be ready to argue or submit it at the April Term, beginning March 26, 1962; appeal ordered on the calendar for said term. The record and appellant's brief must be served and filed on or before March 7, 1962. Ughetta, Acting P. J., Kleinfeld, Christ, Hill and Rabin, JJ., concur.

■ BERNARD J. AXELROD, Respondent, v. WOODSIDE CONSTRUCTION CO. INC., Appellant, et al., Defendant.— Motion by appellant for a stay, pending appeal, denied. Beldock, P. J., Kleinfeld, Brennan, Rabin and Hopkins, JJ., concur.